Wolodin v Lehr Constr. Corp. (2019 NY Slip Op 08362)





Wolodin v Lehr Constr. Corp.


2019 NY Slip Op 08362


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


10366 154020/12

[*1] Richard Wolodin, et al., Plaintiffs-Respondents,
v
Lehr Construction Corp., et al., Defendants-Appellants.


Camacho Mauro Mulholland, LLP, New York (Eric Malinowski of counsel), for appellants.
Bailly & McMillan, LLP, White Plains (Cian McGeever of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 9, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' Labor Law § 241(6) claim premised on 12 NYCRR 23-1.13(b)(4), and granted plaintiffs' cross motion for summary judgment on the issue of liability on that claim, unanimously affirmed, without costs.
Plaintiff Richard Wolodin, an electrician, was injured while preparing a commercial office space for demolition. Plaintiff was standing on an A-frame ladder when he cut into a wire that he believed, based on his testing, was not carrying electricity, but was in fact electrified with high voltage. As a result, he received a shock and fell from the ladder to the ground.
Industrial Code § 23-1.13(b)(4) provides:
"Protection of employees. No employer shall suffer or permit an employee to work in such proximity to any part of an electric power circuit that he may contact such circuit in the course of his work unless the employee is protected against electric shock by de-energizing the circuit and grounding it or by guarding such circuit by effective insulation or other means."
Defendants argue that this provision uses the word "or" to establish that a circuit can be rendered safe for workers by de-energizing and grounding it OR guarding it by effective insulation or other means. Thus, defendants contend that because the wiring was insulated and housed in a splice box with a screwed in cover, they complied with the provision and were not obligated to also de-energize and ground the wiring. However, the evidence clearly showed that while performing his work, plaintiff was permitted to come into contact with an electrical circuit that had not been de-energized (12 NYCRR 23-1.13[b][4]; DelRosario v United Nations Fed. Credit Union, 104 AD3d 515, 516 [1st Dept 2013]). He was asked to disconnect the electrical wiring throughout the office, and to do so, he needed to cut through the wires directly. As such, the degree of insulation is not relevant under these circumstances, and the circuit was not
"guard[ed]. . . by other means" (12 NYCRR 23-1.13[b][4]).
The Court notes that the parties stipulated to withdraw the issue of comparative negligence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK